14 F.3d 597
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
William James FISHER, Defendant-Appellant,
and
20.49 Acres of Land, More or Less, in Township 5, Craven
County, North Carolina; James Edward Hayes; William Earl
Fisher; Edna Fisher; Mary Lofton; Leroy Fisher; Carl
Willoughby; Lebra Fisher, a/k/a Leabert; Winford Lee
Morgan, Sr.; Moddie Fisher; Craven County, North Carolina;
Parties Unknown, Defendants,
v.
Mary Willoughby Clark, Claimant.
 No. 92-1754.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Feb. 25, 1993.
Decided: Dec. 17, 1993.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.
 William James Fisher, appellant pro se.
 G. Norman Acker, III, Office of the United States Attorney, for appellee.
 E.D.N.C.
 DISMISSED.
 Before WIDENER and WILKINSON, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 William James Fisher noted this appeal* outside the sixty-day appeal period established by Fed.R.App.P. 4(a)(1), and failed to move for an extension of the appeal period within the additional thirty-day period provided by Fed.R.App.P. 4(a)(5). The time periods established by Fed.R.App.P. 4 are "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)). Appellant's failure to note a timely appeal or obtain an extension of the appeal period deprives this Court of jurisdiction to consider the case. We therefore dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 DISMISSED
 
 
 *
 Fisher's notice of appeal was filed prior to the entry of a final judgment. However, the district court's subsequently filed final judgment rendered the initial order appealed by Fisher "final" for purposes of 28 U.S.C. Sec. 1291 (1988), and cured any interlocutory defect as to Fisher's premature appeal. See Equipment Fin. Group, Inc. v. Traverse Computer Brokers, 973 F.2d 345, 347-48 (4th Cir.1992). Because Fisher's notice of appeal was filed more than sixty days after the entry of the initial order, without a motion for an extension of the appeal period, see Wilder v. Chairman of Central Classification Bd., 926 F.2d 367, 371 (4th Cir.) (a bare notice of appeal, not requesting additional time for appeal, will not be construed as a motion for extension of appeal period), cert. denied, 60 U.S.L.W. 3259 (U.S.1991), this appeal is untimely taken